**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

VINCENT POOLE,
               Plaintiff,

   v.                                       No. 07-CV-44
                                               (FJS/DRH)

LUCIEN LeCLAIRE, JR., Acting Commissioner
NY DOCS; JAMES PLESCIA, Superintendent;
and NEIL TRACTMAN, Dr., Washington
Correctional Facility,
               Defendants,

---

**APPEARANCES:**                 **OF COUNSEL:**

VINCENT POOLE
03-A-5884
Washington Correctional Facility
Post Office Box 180
72 Lock 11 Lane
Comstock, New York 12821

HON. ANDREW M. CUOMO           JAMES J. SEAMAN, ESQ.
Attorney General for the               Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER
U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Vincent Poole ("Poole"), an inmate in the custody of the New York

State Department of Correctional Services ("DOCS"), brings this action pursuant to 42

U.S.C. § 1983 alleging that defendants, three DOCS employees, violated his constitutional

---

[1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

rights under the Eighth Amendment.  Compl. (Docket No. 1).  Presently pending is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  Docket No.14.  Poole has not oppoed the motion.  For the following reasons, it is recommended that defendants' motion be granted.

## I. Failure to Respond

Poole did not oppose defendants' motion.  Dismissal "should not be entered by default against a pro se plaintiff who has not been given any notice that failure to respond will be deemed a default."  Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996).  Poole was so advised in defendants' Notice of Motion.  Docket No. 14, pt. 1.

"The fact that there has been no response to a . . . motion does not. . . mean that the motion is to be granted automatically."  Champion, 76 F.3d at 436.  Even in the absence of a response, defendants are entitled to judgment only if the material facts demonstrate their entitlement to judgment as a matter of law.  Id.  Because Poole has not responded, the facts as set forth in defendants' affirmation (Docket No. 14, pt. 2) are accepted as true.  Adirondack Cycle & Marine, Inc. v. Am. Honda Motor Co., No. 00-CV-1619, 2002 WL 449757, at *1 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) (citing Lopez v. Reynolds, 998 F. Supp. 252, 256 (W.D.N.Y. 1997)).

## II. Background

Poole suffers from Reflex Sympathetic Dystrophy ("RSD"), "[a] chronic pain state induced by soft tissue or bone injury."  Compl. at ¶ 6; THE MERCK MANUAL 1372 (17th ed. 1999).  Poole's RSD resulted from a back injury and, to alleviate his RSD, Poole has been

2

taking pain medication for the past two and one-half years. Compl. at ¶ 6. On December 20, 2006, Poole met with defendant Tractman, a doctor, who "informed [Poole] that he will be removing [his] pain medication . . . ." Id. Poole alleges that discontinuing his medication will render him "unable to [f]unction in a proper manner." Id. Additionally, Poole also stated that after his release, "[he would] handle [his] [o]wn [p]ain [m]anagement program, form [sic] the [s]treet, with the [p]roper [d]octor and [t]herapist . . . . " Id. This action followed.

On June 5, 2007, Poole was discharged from DOCS custody at Washington Correctional Facility. Seaman Affirm. (Docket No. 14, pt. 2) at ¶ 3. Poole left no forwarding address and has not been in contact with the Court since June 22, 2007. Id. at ¶ 4; Docket Entry 6/22/07.[2]

### III.  Discussion

In his complaint, Poole alleges that his Eighth Amendment rights were violated when defendants refused to provide him with his pain medication regimen. Poole asserts three separate causes of action, but all assert this same claim. Defendants move for dismissal based on a lack of subject matter jurisdiction.

Fed. R. Civ. P. 12(b)(1) authorizes dismissal of a claim when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to cases that present a [live] case or controversy." Butler v. Dolce, No. 03-CV-608 (NPM), 2006 WL 3359311, at *2 (N.D.N.Y. Nov. 16, 2006) (citations and internal quotations omitted). In order "[t]o sustain . . .

---

[2] A mailing to Poole at the Washington Correctional Facility from the Court was returned undelivered marked "Released" on or about July 2, 2007. Docket No. 15.

3

jurisdiction in the present case, it is not enough that a dispute [be] very much alive when suit was filed, or when review was obtained . . . ." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). Thus, "throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477 (1990)).

In this case, Poole seeks only the injunctive relief of continuation of his pain medication while incarcerated. Compl. at 7. Poole's release from custody renders this injunctive relief moot. Therefore, there is no live controversy and the Court no longer has jurisdiction over the case. See, e.g., Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996) ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility").

Thus, defendants' motion to dismiss on this ground should be granted.

### IV.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Docket No. 14) be **GRANTED** as to all claims and all defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO**

**OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: February 19, 2008
       Albany, New York

_____
United States Magistrate Judge